06-5652-cr (L), 07-0112-cr (CON), 07-0196-cr (CON), 07-0294-cr (CON)
United States v. Needham, et al.

S.D.N.Y.
Lynch, *J.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of May, two thousand and ten.

PRESENT:    JOSÉ A. CABRANES,
            ROBERT A. KATZMANN,
            BARRINGTON D. PARKER,
                        *Circuit Judge*s.

_____

United States of America,

                        *Appellee*,

            -v.-                                    **No. 06-5652-cr**
                                                    **SUMMARY ORDER**

Derrilyn Needham, Javier Robles, Corey Thompson,

                        *Defendants-Appellants*,

            -v.-

Joey Figueroa, Christian Quinones,

                        *Defendants*.

_____

For Appellant Needham:      Elizabeth E. Macedonio, Bayside, NY.

For Appellant Robles:        David L. Lewis, Lewis & Fiore, New York, NY.

For Appellant Thompson:    Sanford N. Talkin, Talkin, Muccigrosso & Roberts, LLP, New York, NY.

For Appellee:              David S. Leibowitz, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *on the brief*) *for* Michael J. Garcia, United States Attorney, Southern District of New York, New York, NY.

**UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgments of the district court are AFFIRMED**.

Defendants-appellants Derrilyn Needham and Javier Robles appeal from convictions in the United States District Court for the Southern District of New York (Lynch, *J.*) finding each guilty of Hobbs Act robbery and related offenses. *See* 18 U.S.C. §§ 1951, 1952. They challenge these convictions on multiple grounds, claiming that the district court improperly admitted evidence of prior bad acts, and – in Needham's case – that the government failed to prove a single conspiracy as alleged in its indictment. Robles also attacks the leadership enhancement that the district court applied at his sentencing, and argues that the sentencing judge's fact-finding was in violation of the Sixth Amendment. We assume the parties' familiarity with the facts, procedural history, and issues presented on appeal. These are summarized in a contemporaneously issued opinion in this case.

A.    **Evidence of Prior Bad Acts**

Needham and Robles each argue that the district court erred in admitting evidence of prior bad acts, in violation of Federal Rule of Evidence 404(b). Needham challenges the admission of evidence concerning a robbery and subsequent kidnapping that occurred on January 2, 2004, at 464 Commonwealth Avenue. Robles, for his part, challenges evidence showing that he conspired to distribute heroin in Pennsylvania during the period indicted.

"We review a district court's evidentiary rulings under a deferential abuse of discretion standard and give district court judges wide latitude in determining whether evidence is admissible at trial." *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007) (citing *Meloff v. New York Life Ins. Co.*, 240 F.3d 138, 148 (2d Cir. 2001)) (internal quotation marks omitted). This Court follows "an inclusionary rule, allowing the admission of [prior bad act] evidence for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) (internal quotation marks omitted).

In Needham's case, the district court ruled that evidence of the Commonwealth Avenue robbery was directly relevant to the charged conspiracy. While the robbery took place on January 2, 2004, the court found that it was encompassed by the indictment, which charged defendants with participating in a robbery conspiracy "[f]rom in or about December 2001, through in or about December 2003." The district court observed that it was "not a hard call" to find that a robbery committed on January 2, 2004, was within the scope of a conspiracy that allegedly concluded "in or about" December 2003. Nonetheless, the district court excluded any testimony relating to the subsequent kidnapping as unduly prejudicial.

We do not consider evidence of uncharged criminal activity to be "other crimes evidence under Fed. R. Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *Carboni*, 204 F.3d at 44 (internal quotation marks omitted). The Commonwealth Avenue robbery, which involved four of the same participants as the other robberies and occurred within the same time-frame, plausibly arose out of the same series of transactions as the alleged conspiracy. Moreover, the district court carefully

3

limited the scope of the testimony to any avoid undue prejudice related to the kidnapping allegations. On this record, we find no error. *See United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006).

Likewise, the district court did not abuse its discretion under Federal Rules of Evidence 404(b) and 403 by admitting evidence of Robles's prior heroin conspiracy conviction in Pennsylvania. It properly followed the four steps required before admitting evidence under Rule 404(b), and justifiably concluded that the prior conviction was admissible to show motive. *See United States v. Gilan*, 967 F.2d 776, 780 (2d Cir. 1992) (describing four-step test).

### B.    Multiple Conspiracies

Needham further argues that the Government failed to put forward sufficient evidence proving the existence of a single robbery conspiracy in which she was a participant. Instead, she claims that the proof at trial showed multiple conspiracies, contrary to the indictment, and that this variance prejudiced her defense.

Generally, "[w]hether the government's proof shows a single conspiracy or multiple conspiracies is a question of fact for a properly instructed jury." *United States v. Berger*, 224 F.3d 107, 114 (2d Cir. 2000) (internal quotation marks omitted). In this case, the district court delivered precisely such a precautionary instruction. Thus, to secure the reversal of a conviction on a multiple conspiracies theory, Needham must show both that (1) "the indictment charged a single conspiracy, but the proof disclosed several independent conspiracies, and (2) [the] defendant was so prejudiced by this variance as to be denied a fair trial." *United States v. Desimone*, 119 F.3d 217, 226 (2d Cir. 1997). In our analysis of the first prong, we apply a sufficiency of the evidence standard, viewing the evidence "in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *United*

*States v. Parkes*, 497 F.3d 220, 225 (2d Cir. 2007) (internal quotation marks omitted); *see United States v. Millar*, 79 F.3d 338, 344-45 (2d Cir. 1996).

We find that Needham's multiple conspiracies challenge fails this demanding standard. The proof at trial amply demonstrated that she served as a "santero," or "tipster," for the robbery crew, providing crucial information about marijuana dealers and their locations. Indeed, the jury found her guilty of two substantive robbery offenses, including the robbery at 4434 Baychester Avenue. Several days before this robbery, Needham provided information about the target to the government's cooperating witness. She carried out the robbery with several co-conspirators who impersonated police officers and held four individuals in the targeted apartment at gunpoint. Once the robbery crew had made their escape, Needham was given a share of the $600,000 proceeds. Many of the other robberies described at trial hewed closely to the same pattern. This proof was consistent with the robbery conspiracy charged in the indictment.

Needham argues that evidence of robberies targeting cocaine and heroin dealers, in which she was not a participant, showed a separate conspiracy at variance with the indictment. But "a single conspiracy is not transposed into a multiple one simply by lapse of time, change in membership, or a shifting emphasis in its locale of operations." *United States v. Cambindo Valencia*, 609 F.2d 603, 625 (2d Cir. 1979). Nor must a defendant participate in, or even agree to, every act undertaken on behalf of the alleged conspiracy in order to be culpable as a member. *See United States v. Bernstein*, 533 F.2d 775, 792-93 (2d Cir. 1976). "A single conspiracy may be found where there is mutual dependence and assistance among the participants, a common aim or purpose or a permissible inference, from the nature and scope of the operation, that each actor was aware of his part in a larger organization where others performed similar roles equally important to the success of the venture." *United States v. Vanwort*, 887 F.2d 375, 383 (2d Cir. 1989) (internal quotation

5

marks and alterations omitted). The evidence amply showed a long-running scheme to rob drug dealers, in which Needham was a key player – proof that the jury credited. Simply because Needham did not participate in every robbery undertaken by her counterparts does not establish multiple, separate conspiracies in the face of the jury's verdict.

**C.     Robles's Sentencing**

Robles contends that the district court erroneously applied a four-level role enhancement when computing his Guidelines range, arguing that he was a mere "middleman" and did not plan the robberies, receive a greater share of the proceeds of the conspiracy, or identify the robbery targets or locations. He also argues that his sentence violates the Sixth Amendment because the district court applied sentencing enhancements that increased his Guidelines range beyond the base offense level provided in U.S.S.G. § 2B3.1.

Neither of these challenges has merit. The sentencing court's fact-finding was supported by the record and its application of the role enhancement consistent with both the United States Sentencing Guidelines and the Sixth Amendment. *See* U.S.S.G. § 3B1.1 & cmt. 4; *United States v. Garcia*, 413 F.3d 201, 220 n.15 (2d Cir. 2005) ("Judicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker*.").

**D.     Conclusion**

For the foregoing reasons, the judgments of the district court are affirmed with respect to the issues treated herein.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court